THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Collins Entertainment 
 Corp.        Respondent,
 
 
 

v.

 
 
 
Jack Gardner, individually, Select Electronics Devices, 
 Inc., and Select Electronics Devices, Inc., d/b/a Paradise Games,       
Appellants.
 
 
 

Appeal From Greenville County
Joseph J. Watson, Circuit Court Judge

Unpublished Opinion No. 2003-UP-550
Submitted July 15, 2003  Filed September 
 25, 2003

AFFIRMED

 
 
 
Frank L. Eppes, of Greenville, for Respondent.
J. Falkner Wilkes, of Greenville, for Appellants.
 
 
 

PER CURIAM:    Jack Gardner, individually, 
 Select Electronics Devices, Inc., and Select Electronics Devices, Inc., d/b/a 
 Paradise Games (Appellants) appeal the denial of their motion to vacate the 
 arbitrators award.  We affirm. [1] 
 
FACTS
This matter was brought before an arbitrator for 
 a proceeding governed by the Commercial Dispute Resolution Procedure of the 
 American Arbitration Association.  At the hearing, Collins Entertainment Corp. 
 (Respondent) submitted the testimony of an expert witness who testified as to 
 calculation of damages based upon voluminous documents, which were not disclosed 
 or provided to Appellants five days prior to the hearing.  The Appellants objected 
 based upon the documents not being provided to them.  The arbitrator gave Appellants 
 counsel thirty minutes to review the documents immediately before he began cross-examination 
 of the expert witness.  Appellants requested more time to review the documents, 
 particularly documents that were relied upon, but not brought to the hearing.  
 The arbitrator denied the request and told Appellants that he would accept evidence 
 after the hearing was closed to allow Appellants the opportunity to further 
 review the documents and talk to their own expert regarding the conclusions 
 of the Respondents expert.  The Respondents brief asserts, Appellants subsequently 
 submitted a Post Arbitration Brief and Appellants submitted additional documentation 
 and argument addressing the damages issue in at least two separate writings.  
 In none of the post-hearing submissions did Appellant request that the hearing 
 be reconvened for any reason.  Furthermore, Appellants did not submit any information 
 disputing the experts testimony.  The Respondent moved to confirm and the Appellants 
 cross-moved to vacate before the circuit court.  The circuit court denied Appellants 
 motion to vacate.
LAW/ANALYSIS
Appellants argue the refusal of the arbitrator 
 to grant postponement constitutes reversible error.  We disagree.
The Commercial Dispute Resolution Procedures 
 of the American Arbitration Association govern this action pursuant to the parties 
 agreement prior to the hearing.  Rule 39 of the AAA Rules states, Any party 
 who proceeds with the arbitration after knowledge that any provision or requirement 
 of these rules has not been complied with and who fails to state an objection 
 in writing shall be deemed to have waived the right to object.  Appellants 
 contend Rule 23, Exchange of Information; Rule 30, Postponements; and Rule 
 32, Conduct of Proceedings have been violated and the Appellants did not file 
 a written objection with the arbitrator.  Appellants have, therefore, waived 
 any alleged AAA Rules violations.
However, even if Appellants did not waive 
 their right to object, we find there were no violations of the rules.  Rule 
 23(b) sets forth, At least five (5) business days prior to the hearing, the 
 parties shall exchange copies of all exhibits they intend to submit at the hearing.  
 The Respondent did not submit the documents that its expert used to base his 
 opinion.  Although Rule 33 professes [c]onformity to legal rules of evidence 
 shall not be necessary, Rule 703, SCRE allows an expert, such as the Respondents, 
 to form an opinion based upon material not admitted into evidence if it is of 
 a type reasonably relied upon by experts in the particular field in forming 
 opinions or inferences.  Rule 30 establishes, The arbitrator may postpone 
 any hearing upon agreement of the parties, upon request of a party for good 
 cause shown, or upon the arbitrators initiative.  The arbitrator did not err 
 in continuing with the hearing where good cause was not shown.  The arbitrator 
 offered the Appellants the opportunity to submit additional evidence upon further 
 review of the documents and after conferring with their own expert.  Rule 32(a) 
 edifies that the parties [are to be] treated with equality and that each party 
 has the right to be heard and is given a fair opportunity to present its case.  
 We find the parties were treated with equality and both sides were given a fair 
 opportunity to present its case because the arbitrator allowed Appellants opportunity 
 to review the documents after the close of the hearing and to submit additional 
 information.  
CONCLUSION
Accordingly, the decision of the Circuit Court is
AFFIRMED.
CONNOR, ANDERSON, and CURETON, JJ., concur.

 
 
 [1] This case was decided without oral argument pursuant to Rule 215, 
 SCACR.